UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MISAEL SOSA RODRIGUEZ,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX, et al.,

Respondents.

No. 1:26-cv-05287-DAD-CSK

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. No. 1, 2)

On July 9, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) In his petition for writ of *habeas corpus* petitioner states that he entered the United States on May 24, 2024 through the Cuba Humanitarian Parole program. (Doc. No. 1 at 5.) Petitioner was detained by ICE on September 19, 2025. (*Id.*)

On July 10, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that same order, the court directed that if respondents opposed the court ruling on the underlying petition based on the current briefing before it,

respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On July 13, 2026, respondents filed a combined response to the *habeas* petition and opposition to the motion for temporary restraining order. (Doc. No. 6.) Therein, respondents state that they do not oppose the court resolving the underlying *habeas* petition based upon the briefing currently before it. (*Id.* at 1.) Respondents concede that this case is not substantially different from the cases cited in the court's order but argue that the petition should be denied because petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) (*id.* at 1–2), and that the previous decision to release petitioner does not alter petitioner's status nor create a liberty interest in his continued release (*id.* at 3). This court has rejected these arguments on multiple prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026); *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025).

In support of their opposition, respondents provide unauthenticated documentation of the following. Petitioner was arrested for driving while intoxicated and causing property damage on August 16, 2025. (Doc. No. 6 at 17–18.) Petitioner was encountered by ICE agents on August 17, 2026 while in pre-trial detention, although it appears that he may not have been transferred to ICE custody until September 18, 2025. (*Id.* at 5–6.) On April 17, 2026, petitioner was sentenced pursuant to a plea of no contest to "DUI W-DAMAGE" and "CARELESS DRIVING." (*Id.* at 31.) It does not appear that petitioner was provided pre-deprivation notice or an opportunity to be heard regarding his immigration detention, nor has petitioner been provided a post-deprivation custody determination.

In light of petitioner's prior release on parole into the United States, the court incorporates and adopts the reasoning set forth in its prior order *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), in which the court determined that the petitioner demonstrated a liberty interest in his continued release following his parole, and that his re-detention absent notice and a hearing violated due process. Further, the court incorporates and adopts the reasoning set forth in *Moran v. Andrews*, No. 1:26-cv-04891-DAD-AC, 2026 WL

1893581, at *2 (E.D. Cal. June 30, 2026), where, as here, the respondents provided no evidence or argument that there was the necessity of quick action by ICE such that petitioner could not have been provided a pre-deprivation hearing after he was released by local authorities.

Based on the foregoing, the court concludes that petitioner's re-detention absent pre-deprivation notice and an opportunity to be heard violated due process.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondents are ORDERED to immediately release petitioner Misael Sosa Rodriguez, A-File No. 234-233-783, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention;
   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;
2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;
4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and
5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **July 15, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE